IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VAN NGUYEN and § | | |
| THANH HONG NGUYEN, § | | |
|    *Plaintiffs*, § | | |
| v. § | | CIVIL ACTION NO. 4:25-cv-1602 |
| § | | |
| THUY PHAM, § | | |
|    *Defendant*. § | | |

**JOINT DISCOVERY / CASE MANAGEMENT PLAN
UNDER FED. R. CIV. P. 26(f)**

**TO THE HONORABLE U.S. DISTRICT JUDGE:**

Pursuant to Federal Rule of Civil Procedure 26(f) and the Court's Order of April 8, 2025 (Doc. 3), and subject to Plaintiffs' Motion to Remand, the parties to this action, Plaintiff(s) Van Nguyen and Thanh Hong Nguyen ("Plaintiffs") and Defendant(s) Thuy Pham ("Defendant"), have conferred and submit this Joint Discovery/Case Management Plan.

**1. Date of Conference**

The parties' counsel conferred as required by Rule 26(f), in advance of the Initial Conference set for July 21, 2025.

**2. Counsel and Parties Participating**

The following counsel participated in the conference:

- Brian Alan Turner, counsel for Plaintiff(s).

- Lloyd E. Kelley and Cactus Jack Cagle, counsel for Defendant(s).

1

## 3. Jurisdiction and Venue

- **Parties' Position:** This action was removed from the 234th Judicial District Court of Harris County, Texas. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) because Plaintiffs' claims include alleged violations of the federal Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq. Venue is proper in this District and Division under 28 U.S.C. § 1441(a).

## 4. Brief Summary of the Case

- **Plaintiff's Summary:** Plaintiffs allege that Defendant engaged in a widespread defamatory smear campaign against them through various YouTube channels. The alleged false statements include accusations of criminal conduct, illegal immigration status, and fraudulent marriage. Plaintiffs assert causes of action for defamation per se, common law defamation, and violations of the civil RICO statute. They seek actual and exemplary damages, as well as treble damages and attorney's fees under RICO.

- **Defendant's Summary:** Defendant removed this action from state court based on federal question jurisdiction arising from Plaintiffs' RICO claim. Defendant denies Plaintiffs' allegations and asserts that any statements made were true or constituted non-actionable opinion. Defendant has also pleaded affirmative defenses, including the Texas Citizens Participation Act (TCPA), the statute of limitations, and Plaintiffs' failure to state a claim upon which relief can be granted, particularly with respect to the RICO allegations.

## 5. Stipulations and Disputed Issues of Fact

- **Stipulations:** Defendant proposes that the parties agree and stipulate that the lawsuit was originally filed as Cause No. 2025-20441 in the 234th Judicial District Court of Harris County, Texas, and was timely removed to this Court.

- **Disputed Factual Issues:** The principal factual issues in dispute are:
  - Whether the statements made by Defendant concerning Plaintiffs were false.
  - Whether Defendant provided financial support or false information to other individuals or entities to publish statements about Plaintiffs.
  - The nature and extent of any damages allegedly sustained by Plaintiffs as a result of the statements.

- Whether Defendant's conduct constitutes an "enterprise" or a "pattern of racketeering activity" under RICO.

## 6. Disputed Issues of Law

The principal legal issues in dispute are:

- Whether Plaintiffs have stated a viable claim for relief under the civil RICO statute, 18 U.S.C. § 1962(c).

- Whether Plaintiffs have standing to bring a claim under RICO.

- Whether the statements at issue constitute defamation per se (libel & slander) or are protected opinion.

- Whether Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

- Whether Plaintiffs' legal action is subject to dismissal under the Texas Citizens Participation Act (TCPA).

## 7. Pending and Anticipated Motions

The parties have filed or anticipate filing the following motions:

- Defendant anticipates filing a Motion to Dismiss or for summary judgment based on, among other grounds, failure to state a claim under Fed. R. Civ. P. 12(b)(6).

## 8. Consent to Trial by Magistrate Judge

Pursuant to the Court's Notice (Doc. 2), the parties advise the Court that they do not consent to trial by a United States Magistrate Judge at this time.

## 9. Discovery Plan

The parties have agreed to the following discovery plan:

- **(a) Initial Disclosures:** The parties will exchange initial disclosures required by Rule 26(a)(1) on or before August 21, 2025.

- **(b) Subjects of Discovery:** Discovery will be conducted regarding non-privileged matters relevant to any party's claim or defense. The subjects will include, but are not limited to:

- The creation, publication, and dissemination of the YouTube videos and statements at issue.

- Any communications or financial transactions between Defendant and third-party YouTube channel operators related to Plaintiffs.

- The corporate structure, operations, and financial relationship between Defendant Thuy Pham and Sunrise Plastic Enterprise, Inc., as identified in Defendant's Corporate Disclosure Statement (Doc. 5).

- The basis for the statements made about Plaintiffs' immigration status, marital status, and alleged conduct.

- Evidence related to Plaintiffs' alleged damages, including reputational harm and emotional distress.

- Facts related to the elements and defenses for the RICO and defamation claims.

- **(c) Electronically Stored Information (ESI):**

    - **Sources:** Potential sources of discoverable ESI include emails, text messages, social media accounts, YouTube channel data (including analytics and communications), financial records, and documents on personal computers and mobile devices.

    - **Preservation:** There are no litigation holds as of this time.

    - **Format of Production:** ESI will be produced in a reasonably usable format, such as native format or searchable PDF.

- **(d) Limitations on Discovery:**

    - **Interrogatories:** Each party may serve no more than 25 interrogatories.

    - **Depositions:** Each side shall be limited to 5 depositions of 7 hours each.

    - **Requests for Admission:** Each party may serve no more than 25 requests for admission.

## 10. Trial Information

- **Jury/Non-Jury:** The case is to be tried by a Jury, as demanded by Plaintiffs in their Original Petition and by Defendant in a separate demand (Doc. 4).

- **Estimated Trial Length:** The parties estimate that the trial will last

approximately 5-7 days.

## 11. Settlement and Alternative Dispute Resolution (ADR)

- **Possibility of Settlement:** is the parties are open to the possibility of settlement.

- **ADR:** The parties submit that mediation would be beneficial and propose to complete mediation no later than 30 days after the Court's ruling on any dispositive motions.

## 12. Proposed Schedule of Deadlines

The parties propose the following schedule and deadlines, to be finalized in the Court's Scheduling Order:

| Event | Proposed Deadline |
|---|---|
| Joinder of Additional Parties | August 25, 2025 |
| Amending Pleadings | January 25, 2026 |
| Plaintiff's Expert Designations & Reports | April 25, 2026 |
| Defendant's Expert Designations & Reports | April 25, 2026 |
| Close of All Discovery | July 25, 2026 |
| Filing of Dispositive Motions | September 25, 2026 |
| Joint Pretrial Order | October 24, 2026 |

## 13. Other Matters

- Defendant acknowledges the Court's Order (Doc. 3) requiring the filing of a certificate of interested parties. Defendant has filed its Corporate Disclosure Statement (Doc. 5).

- Defendant proposes that the parties will confer regarding the entry of a stipulated protective order to govern the exchange of confidential information.

5

**Dated:** July 21, 2025

Respectfully submitted,

_____
**BRIAN ALAN TURNER**
State Bar No. 20310450
Law Office of Brian Turner
308 N. Washington Avenue
Bryan, TX 77803
(979) 583-9200
bt@brianturnerlaw.com
Attorney for Plaintiff(s)

/s/ Lloyd E. Kelley
**LLOYD E. KELLEY**
State Bar No. 11203180
The Kelley Law Firm
2726 Bissonnet Ste 240 PMB 12
Houston, Texas 77005
(281) 492-7766
kelley@lloydekelley.com
*Lead Counsel for Defendant(s)*

**CACTUS JACK CAGLE**
State Bar No. 03591850
Cagle & Associates
4900 Fournace Place,#200
Bellaire, Texas 77401
(713) 927-0720
jack@judgecagle.com
*Co-Counsel for Defendant(s)*

## CERTIFICATE OF SERVICE

I hereby certify that on July 21, 2025, a true and correct copy of the foregoing document was served on all counsel of record via the Court's CM/ECF system.

*/s/ Lloyd E. Kelley*
LLOYD E. KELLEY